# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------ x

JOSHUA GARCIA,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
BRETT JACKSON, Shield No. 11084, and NYPD
POLICE OFFICERS JOHN/JANE DOES 1-10,

                                Defendants.

------------------------------------------------------------------------ X

**SUMMONS**

Index No.:

The Basis of Venue is:
Location of Incident

Plaintiff designates Kings
County as the place of trial.

**To the above named Defendants:**

      **You are hereby summoned** to answer the Verified Complaint in this action, and to serve a copy of your Verified Answer to the Verified Complaint, or, if the Verified Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
               August 19, 2021

                                         Yours, etc.

                                         *Caitlin Robin*
                                         CAITLIN ROBIN, ESQ.
                                         CAITLIN ROBIN AND ASSOCIATES PLLC
                                         Attorney for Plaintiff
                                         30 Broad Street Suite 702
                                         New York, New York 10004
                                         (646)-524-6026

TO:     THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY  10007

        NYPD POLICE OFFICER BRETT JACKSON, SHIELD NO 11084, Strategic Response
        Group 4 - Queens; 137-58 Northern Boulevard, Queens, NY 11354

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------- X

JOSHUA GARCIA,

                                             Plaintiff,

          -against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
BRETT JACKSON, Shield No. 11084, NYPD POLICE
OFFICERS JOHN/JANE DOES 1-10,

                                             Defendants

**INDEX NO.:**

<u>VERIFIED COMPLAINT</u>

**JURY TRIAL DEMANDED**

----------------------------------------------------------------------- X

       Plaintiff JOSHUA GARCIA, by his attorneys, Caitlin Robin & Associates, PLLC, as and for his Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

       1.    This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York. On February 24, 2021, at approximately 10:00 p.m., plaintiff JOSHUA GARCIA, while lawfully and peacefully protesting in the vicinity of South 4th Street and Roebling Street in Brooklyn, New York, was subject to unlawful stop, frisk, search, false arrest, and false imprisonment by Defendant NYPD Officers. In addition, Plaintiff was subjected to use of excessive force by the defendant Officers, causing Plaintiff to suffer both mental and emotional injuries. All charges falsely made against Plaintiff were dismissed and sealed on or around July 13, 2021. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully stopped, frisked, searched, subjected to excessive force, falsely arrested, falsely imprisoned, and denied Plaintiff the right to due process and fair trial in violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the common law and the laws of the State of New York.

## PARTIES

       2.    Plaintiff JOSHUA GARCIA is a resident of the State of New York.

- 2 -

3. NYPD POLICE OFFICER BRETT JACKSON, SHIELD NO. 11084, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

4. NYPD POLICE OFFICER BRETT JACKSON, SHIELD NO. 11084, was at all times relevant herein, assigned to the 75th Precinct.

5. NYPD POLICE OFFICER BRETT JACKSON, SHIELD NO. 11084, is being sued in his individual and official capacities.

6. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, are and were at all times relevant herein, officers, employees, and agents of the New York City Police Department.

7. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, were at all times relevant herein, assigned to 75th Precinct.

8. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, are being sued in their individual and official capacities.

9. At all times relevant herein, the individual defendant(s) were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

11. Plaintiff in furtherance of his causes of action brought pursuant to New York State law filed a timely Notice of Claim against the CITY OF NEW YORK in compliance with the Municipal Law Section 50 and in accordance with New York State law.

12. In accordance with New York State law and General Municipal Law Section 50, plaintiff testified at a hearing held pursuant to General Municipal Law Section 50-H on July 14, 2021.

13. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and THE CITY OF NEW YORK has failed to pay or adjust the claims.

- 3 -

14. This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

15. Plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## STATEMENT OF FACTS

16. On February 24, 2021, at approximately 10:00 p.m., Plaintiff was lawfully present in the vicinity of South 4th Street and Roebling Street in Brooklyn, New York, when the Defendant Police Officers unlawfully stopped, frisked, searched, arrested, and imprisoned Plaintiff without probable cause or legal justification.

17. On the evening of February 24, 2021, Plaintiff was taking part in a peaceful and lawful public protest against police brutality, located in and around McCarren Park and the Williamsburg waterfront in Brooklyn.

18. Plaintiff works as a freelance photographer and videographer, and often attends peaceful protests to document them for his production company.

19. The plaintiff arrived at McCarren Park in Brooklyn at approximately 7:00 p.m., where 30-40 protesters had already gathered, as well as 15-20 police officers.

20. After approximately half an hour, the crowd began peacefully marching toward the Williamsburg waterfront, with defendant officers following behind the group; the plaintiff stayed about 10 feet ahead of the protest to film.

21. About 20 minutes into the march, the plaintiff moved toward the back of the crowd to get a different angle of footage.

22. At this time, a police sergeant got on the loudspeaker and announced to the crowd that they would be arrested if they did not move to the sidewalk; Plaintiff immediately obeyed, as did most of the other protesters.

23. Nevertheless, a mass of defendant police officers arrived on the scene, in riot gear, both on bikes and in vehicles, and began to charge toward and arrest the protesters.

24. The plaintiff then used a lawful crosswalk to go to the other side of the street and film the arrests, but stayed off to the side and out of the way, on the sidewalk.

25. A defendant officer in a suit approached the plaintiff and asked for his press pass, at which time the plaintiff told him he was an independent journalist and did not have one.

26. The defendant officer grabbed the plaintiff by the arm and dragged him to a nearby wall, at which point two other defendant officers joined in and began arresting the plaintiff, cuffing him tightly with plastic zip cuffs and subjected him to an unlawful pat-down search.

27. At no point did Plaintiff commit a crime, nor did defendant officers have reason to believe he had committed a crime.

28. Plaintiff was within his full First Amendment right to peacefully assemble and document the protest on February 24, 2021.

29. At no point was the Plaintiff resistant or combative to defendant officers.

30. Nevertheless he was arrested and restrained with plastic handcuffs by defendant officers, and his backpack containing thousands of dollars worth of cameras and recording equipment was confiscated.

31. Plaintiff was placed in the back of a police van with several other protesters, where they waited for approximately half an hour before moving; some of their protective masks, including the plaintiff's, had been torn off their faces during the interaction with the defendant officers.

32. The plaintiff was then transported to the 75th Precinct against his will, where he was unlawfully fingerprinted, photographed, subjected to unlawful search, and detained in a holding cell.

33. The defendant police officers provided the Kings County District Attorney's Office with the false, misleading and/or incomplete information that Plaintiff committed a crime; specifically, that he had committed the crime of Obstructing Governmental Administration.

34. At around 6:00 a.m. on February 25, 2021, after approximately 8 hours in unlawful custody, the Plaintiff was released with a Desk Appearance Ticket, with no probable cause or legal justification.

35. When his belongings were returned to him upon his release, a defendant officer took the plaintiff outside the 75th Precinct to inform him that he would not be getting his recording equipment back; at least $6,500.00 worth of equipment has still never been returned to the plaintiff.

36. Upon his return home, the plaintiff found out he was positive for Covid-19, and potentially got it during his time in unlawful custody after his mask was torn from his face.

37. All charges against the plaintiff were dismissed and sealed on or around July 13, 2021.

38. Some of the police officer defendants observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably stopping, frisking, using excessive force upon, and unlawfully arresting and detaining the Plaintiff.

39. The unlawful stop, frisk, use of excessive force, unlawful arrest, unlawful imprisonment, and denial of Plaintiff's right to peacefully assemble and protest by the individually named defendants caused Plaintiff to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's First Amendment Rights

40. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. The illegal block of demonstration employed by defendants herein terminated Plaintiff's right to peacefully assemble and freedom of the press through means intentionally applied.

42. The conduct of defendants in stopping Plaintiff from documenting a very public event was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

43. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and of the United States Constitution.

44. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of new York and the New York City Police Department, which are therefore responsible for their conduct.

45. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SECOND CAUSE OF ACTION

## Unlawful Stop

46. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

- 6 -

47. The illegal approach, pursuit, and stop employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

48. The conduct of defendants in stopping and blocking Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

49. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

50. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

51. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## THIRD CAUSE OF ACTION

## Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights

52. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully set forth at length herein.

53. The individually named police officer defendants, while acting in concert and within the scope of their authority, caused Plaintiff to be seized, unlawfully searched, falsely arrested, and falsely imprisoned, and maliciously prosecuted without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment of the United States.

54. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTH CAUSE OF ACTION

## False Arrest and False Imprisonment

55. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

57. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution.

58. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

59. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## FIFTH CAUSE OF ACTION

## Unlawful Stop and Frisk

60. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 59 with the same force and effect as if more fully set forth at length herein.

61. The illegal approach, pursuit, stop and frisk employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

62. The conduct of defendants in stopping, frisking, and searching Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

63. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

64. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

65. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION

## Unlawful Search

66. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 65 with the same force and effect as if more fully set forth at length herein.

67. The illegal approach, pursuit, stop, and search employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

68. Defendants lacked probable cause to search Plaintiff.

69. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

70. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

71. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SEVENTH CAUSE OF ACTION

## Violation of Plaintiff's Fifth and Fourteenth Amendment Rights
## Denial of Right to Fair Trial/Due Process

72. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 71 with the same force and effect as if more fully set forth at length herein.

73. Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the Kings County District Attorney's Office.

74. Defendants filled out false and misleading police reports and forwarded them to prosecutors in the Kings County District Attorney's Office.

75. Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the Kings County District Attorney's Office.

76. In withholding/creating false evidence against Plaintiff JOSHUA GARCIA, and in providing/withholding information with respect thereto, defendants violated Plaintiff's constitutional right to due process and fair trial under the New York State Constitution and under

the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to be free of deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

77. As a result of the foregoing, Plaintiff JOSHUA GARCIA sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

78. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

79. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## EIGHTH CAUSE OF ACTION

## Negligence

80. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 79 with the same force and effect as if more fully set forth at length herein.

81. Defendants owed a duty of care to Plaintiff.

82. To the extent defendants claim that the injuries to Plaintiff by the defendant police officer were unintentionally caused and that the force used by the defendant against him was unintentional, then the defendant breached that duty of care by leaving him unmasked in a van with several other people, unlawfully and against his will, as well as by leaving bruises on his arms from tightly cuffing him.

83. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

84. All of the foregoing occurred without any fault or provocation by Plaintiff.

85. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

86. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## NINTH CAUSE OF ACTION

## Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

88. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 87 with the same force and effect as if more fully set forth at length herein.

89. The use of excessive force by defendants by, amongst other things, grabbing him and forcibly restraining him with plastic zip cuffs, constituted objectively unreasonable physical seizures of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

90. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## TENTH CAUSE OF ACTION

## Negligent Infliction of Emotional Distress

91. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 90 with the same force and effect as if more fully set forth at length herein.

92. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff, JOSHUA GARCIA. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

94. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

95. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

96. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## ELEVENTH CAUSE OF ACTION

### Malicious Prosecution

97. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 96 with the same force and effect as if more fully set forth at length herein.

98. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and New York State common law.

99. Defendants commenced and continued a criminal proceeding against Plaintiff.

100. There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiff and for the charges for which he was prosecuted.

101. The charges against the plaintiff were dismissed and sealed on or around July 13, 2021, as he committed no crime.

102. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution.

103. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## TWELFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

105. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 104 with the same force and effect as if more fully set forth at length herein.

106. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

107. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## THIRTEENTH CAUSE OF ACTION

### Failure to Intervene

108. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 107 with the same force and effect as if more fully set forth at length herein.

109. The defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

110. Defendants failed to intervene to prevent the unlawful conduct described herein.

111. As a result of the foregoing, Plaintiff's liberty was restricted, his rights were violated, he was put in fear for his safety, falsely arrested and unlawfully imprisoned, and psychologically traumatized.

112. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

113. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

114. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

115. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## JURY DEMAND

116. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JOSHUA GARCIA demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated:   New York, New York
         August 19, 2021

By: *Caitlin Robin*
CAITLIN ROBIN, ESQ.
CAITLIN ROBIN AND ASSOCIATES PLLC
Attorney for Plaintiff
30 Broad Street Suite 702
New York, New York 10004
(646)-524-6026

TO:   THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007

NYPD POLICE OFFICER BRETT JACKSON, SHIELD NO. 11084, Strategic Response Group 4 - Queens; 137-58 Northern Boulevard, Queens, NY 11354

## ATTORNEY'S VERIFICATION

**CAITLIN ROBIN,** an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of **CAITLIN ROBIN AND ASSOCIATES PLLC**, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is because Plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
August 19, 2021

*Caitlin Robin*
CAITLIN ROBIN